

FILED

11:55 am, 1/26/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAMIEN ELRIC HUGHES, <br><br> Defendant. | Case No. 23-CR-159-ABJ |

# ORDER GRANTING MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

THIS MATTER comes before the Court on Defendant's *Motion for Continuance and to Exclude Time From Speedy Trial Act Time Limits* filed on January 25, 2024. ECF No. 24. Defendant, Damien Elric Hughes, through his attorney Andrew Francisco, request this Court to order an ends of justice continuance for the presently scheduled trial date and to set trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq*. and 18 U.S.C. § 3164 *et seq*. ("Speedy Trial Act"). *Id.* Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court finds the ends of justice are served by granting the continuance of the above trial setting, and therefore **GRANTS** Defendant's *Motion for Continuance* and **ORDERS** a new trial date of Monday, April 29, 2024 at 1:30PM in Cheyenne, Wyoming. All deadlines in the Court's discovery and scheduling order (ECF No. 17) will be reset in accordance with the

Defendant's new trial date. All time from the entrance of this Order until the new trial date shall be excluded from Defendant's speedy trial calculations under 18 U.S.C. §§ 3161(h)(7)(A) and (B).

## APPLICABLE LAW

The Speedy Trial Act generally requires trial in federal criminal cases to begin within seventy days of the filing of the indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S.Ct. 1976, 1983 (2006). However, the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). One of the most flexible avenues for granting continuances and excluding resulting delay is the Speedy Trial Act's provisions allowing for so called "ends of justice" continuances. *See* 18 U.S.C. § 3161(h)(7). Specifically, a district court may exclude from the speedy trial calculation

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Congress enumerated four non-exclusive factors for courts to evaluate when determining if the ends of justice "outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A)–(B). These factors deal predominantly with equity, and include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B)(i)–(iv); *United States v. Keith*, 61 F.4th 839, 850 (10th Cir. 2023) ("To weigh the ends of justice against the public's and the defendant's best interests in speedy trial, courts consider four nonexclusive factors."). The Court's reasons for granting an ends of justice continuance must be made on the record, either orally or in writing. *Zedner*, 126 S.Ct. at 1989; 18 U.S.C. § 3161(h)(7)(A).

## DISCUSSION

Here, the Court finds that an ends of justice continuance is appropriate. Mr. Hughes was indicted on November 14, 2023, on eight counts of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C., §§ 2252A(a)(5)(B) and

3

(b)(2). ECF No. 1. His current trial date is set for February 20, 2024, and Defendant's counsel indicates that plea negotiations in this matter are ongoing. ECF No. 24 at 2. Defendant's counsel argues that the Defendant is entitled to the effective assistance of counsel under the Sixth Amendment, which includes the ability for counsel to conduct a thorough investigation of the evidence to make decisions regarding motions, trial proceedings, and prospective plea negotiations. *Id.* at 3. Counsel further argues an extension is necessary to engage in and continue towards a prospective plea agreement and comply with the conditional evaluation necessitated by the Government. *Id.*

Having considered the applicable factors under 18 U.S.C. § 3161(h)(7)(B), including whether "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice," and given the nature of the charges that the Defendant is facing, the Court finds that it is in the best interest of justice to continue the Defendant's trial to allow the parties additional time to negotiate a resolution of this matter through continued plea agreement discussion, and, if necessary, prepare an adequate prosecution and defense ahead of trial. *See* U.S.C. § 3161(h)(7)(B)(i). Put differently, the ends of justice served by a continuance "outweigh the best interest of the public and the [D]efendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, the parties have appropriately demonstrated that the ends of justice will be served by granting a reasonable continuance, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The delay between the entry of the Court's continuance ruling today and the

commencement of a new trial date of April 29, 2024, shall be, and hereby is, excluded from the Defendant's Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(7)(A).

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Defendant's *Motion for Continuance* (ECF No. 24) is **GRANTED,** and the trial date set for February 20, 2024, is hereby **VACATED**. Pursuant to this Order, Defendant's trial date is **RESET** to Monday, April 29, 2024, at 1:30PM in Cheyenne, Wyoming.

Further, **IT IS HEREBY ORDERED** that all deadlines in the Court's discovery and scheduling order (ECF No. 17) will be reset in accordance with the Defendant's new trial date. All time from the entrance of this *Order* until the new trial date shall be excluded from Defendant's speedy trial calculations under 18 U.S.C. §§ 3161(h)(7)(A) and (B).

Dated this 26th day of January, 2024.

Alan B. Johnson
United States District Judge